UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN CAICEDO VALLECILLA,

    Petitioner,

-vs-                                      Criminal Case No. 8:03-CR-30-T-27MAP
                                              Civil Case No.     8:08-CV-1668-T-27MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Petitioner, an inmate in a federal penal institution proceeding *pro se*, filed a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 ("motion") (CV Dkt. 1). After reviewing the motion, the Court determined that it may be time barred. Consequently, the Court ordered Petitioner to show cause why his motion should not be dismissed as time barred (CV Dkt. 4). Petitioner has filed a response to the order to show cause in which he essentially admits his motion is untimely, but claims he is entitled to equitable tolling of the limitations period. (CV Dkt. 6).

### Background

Petitioner is challenging his federal convictions for possession and conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine (CR Dkt. 174). Judgment was entered on October 27, 2003 (Id.). Petitioner's convictions and sentences were affirmed on direct appeal on March 2, 2006 (CR Dkt. 255). *See United States v. Valencia*, 2006 U.S. App. LEXIS 5365 (11th Cir. 2006). Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

## Timeliness Analysis

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one year limitation period is applicable to § 2255 motions. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). § 2255 provides that the one year limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255.

28 U.S.C. § 2255.

The time for Petitioner to file his § 2255 motion was triggered by the expiration of the time for filing a petition for writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 532 (2003) (holding that "for federal criminal Petitioners who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."). *See also* Supreme Court Rule 13; *Close v. United States*, 336 F.3d 1283 (11th Cir. 2003). Thus, Petitioner's one year limitations period began to run on June 1, 2006, when the 90 days for seeking certiorari expired. Consequently, to be timely, Petitioner's § 2255 motion must have been filed on or before May 31, 2007. Petitioner filed his § 2255 motion on August 25, 2008, over one year after his limitations period expired. Accordingly, Petitioner's § 2255 motion is time barred unless he can establish that he is entitled to equitable tolling of the limitation period.

## Equitable tolling

A § 2255 motion filed outside the one year limitation period may still be considered timely if equitable tolling applies. *Brown v. United States*, F.3d , 2008 U.S. App. LEXIS 23990, 2008 WL 4946209 (11th Cir. Nov. 20, 2008)(unpublished opinion) (citing *Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008)). However, equitable tolling does not operate to revive an expired limitations period. *Id.* Accordingly, the focus here is on the time period which preceded May 31, 2007, when Petitioner's one year limitation period expired, and any alleged extraordinary circumstances beyond Petitioner's control which prevented him from filing a timely § 2255 motion. Petitioner bears the burden of proving that equitable tolling is applicable, and in order to do so, he must establish that, (1) he has diligently pursued his rights, and (2) some extraordinary circumstance prevented him from timely filing. *Id.* Equitable tolling is applied only in "extraordinary" circumstances. *Id.* Here, Petitioner has not demonstrated either element.

In support of his claim that he is entitled to equitable tolling, Petitioner asserts that "[u]pon the Court of Appeals denial, counsel had informed Defendant, upon request, that an appeal to the Supreme Court will be filed by way of Writ of Certiorari." (CV Dkt. 6 at 2). He also asserts that "[t]o complicate matters even further and for the lack of speaking the English language, Defendant was under the impression that a writ of certiorari had been filed by his appeals attorney." (Id.). Next, he avers that "[t]he Appeals attorney, after informing Defendant that he was going to file a Writ of Certiorari, never notified Defendant of the status of the appeal to the Supreme Court." (Id.). Petitioner also asserts that it was not until this Court ordered him to show cause why his § 2255 motion should not be dismissed as time barred that he "became aware...that a Writ of Certiorari was never filed by his counsel..." (Id. at 3).

Attorney negligence does not support equitable tolling. *See Holland v. Florida*, 539 F.3d 1334, 1339 (11th Cir. 2008); *Steed v. Head*, 219 F. 3d 1298 (11th Cir. 2000). Instead, "[t]here must be 'an allegation and proof of bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part' in order for a court to find there was such egregious attorney misconduct that a petitioner is entitled to equitable tolling." *Melson v. Allen*, 548 F.3d 993, 1001 (11th Cir. 2008)(quoting *Holland*, 539 F.3d at 1339).

None of Petitioner's assertions of attorney negligence or misconduct, even if true, rise to the level of egregious attorney misconduct warranting equitable tolling. Petitioner alleges that his attorney informed him that he would file a petition for writ of certiorari in the Supreme Court, and that Petitioner was under the impression that his attorney had filed the petition. Petitioner does not allege that his attorney acted in bad faith, was dishonest, had a divided loyalty, or was mentally impaired. "Even when combined with his attorneys' alleged failure to communicate about the status of his case, no egregious misconduct has been shown." *Melson*, 548 F. 3d at 1001. Furthermore, to the extent Petitioner asserts that "the lack of speaking the English language [gave him] the impression that a writ of certiorari had been filed by his appeals attorney" (Dkt. 6 at 2), and that he is "a layman...unable to navigate the rules and regulations..." (Dkt. 6 at 3) entitle him to equitable tolling, his claims fail. Petitioner's lack of legal training, and his alleged inability to read and speak the English language are not sufficient grounds for equitable tolling. *See United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005).

Moreover, Petitioner wholly fails to demonstrate he diligently pursued his rights. Whether a habeas petitioner has exercised due diligence is context-specific, and the essential question is "whether the petitioner should be expected to take actions which would lead him to the information."

*Wilson v. Beard*, 426 F.3d 653, 661-62 (3d Cir. 2005). While the due diligence standard does not require "the maximum feasible diligence," it does require reasonable diligence in the circumstances. *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004). Petitioner does not allege that he made a single inquiry to his attorney as to the status of his petition for writ of certiorari between the time his conviction was affirmed on direct appeal on March 2, 2006, until the time he filed his § 2255 motion on August 25, 2008.[1] Instead, Petitioner asserts that "it was prior to the filling [sic] of Defendant's 28 U.S.C. § 2255 motion, that Defendant realized, through a jailhouse law clerk, that his Writ of Certiorari to the Supreme Court may have been denied." (Dkt. 6 at 2). Attempting to ascertain the status of his petition for writ of certiorari was a burden necessary to sustaining Petitioner's claim of extraordinary circumstances. *See, e.g., Drew v. Dep't of Corr.*, 297 F.3d 1278 (11th Cir. 2002); *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005)(Petitioner "did not exercise the requisite due diligence by allowing more than twenty-one months to lapse from the filing of his petition for allowance of appeal until he inquired with the Pennsylvania Supreme Court's Prothonotary's Office as to its status.").

In sum, even accepting Petitioner's explanations for why he did not timely file as true, he has not demonstrated any extraordinary circumstances that were "unavoidable even with diligence." *United States v. Scott*, 294 Fed. Appx. 603, 607 (11th Cir. 2008)(unpublished opinion).

**ACCORDINGLY**, the Court **ORDERS** that:

1. Petitioner's § 2255 motion to vacate is **DISMISSED** as untimely.

2. The **Clerk** shall enter judgment against Petitioner, terminate any pending motions, and

---

[1] In fact, Petitioner does not allege that he ever contacted his attorney at any time to inquire about the status of his petition for writ of certiorari.

5

close this case.

**DONE and ORDERED** in Tampa, Florida, on _August 3rd_, 2009.

_____
JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies to: *Pro se* Petitioner

6